UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM M. ROBINSON,

                         Petitioner,

v.                                Case No. 3:12-cv-920-J-34MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                         Respondents.

_____

**ORDER**

**I. Status**

Petitioner William M. Robinson, an inmate of the Florida penal system, initiated this action on August 13, 2012, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. In the Petition, Robinson challenges a 2008 state court (Duval County, Florida) judgment of conviction for aggravated battery with a deadly weapon on a person sixty-five years of age or older. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Response to Petition for Habeas Corpus (Response; Doc. 15) with exhibits (Resp. Ex.). On September 12, 2012, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 9), admonishing Robinson regarding his obligations and giving Robinson a time frame in which to submit a reply.

Robinson submitted a brief in reply. <u>See</u> Petitioner's Reply to Response (Reply; Doc. 16). This case is ripe for review.

## II. Procedural History

On April 14, 2008, the State of Florida charged Robinson with armed robbery (count one) and aggravated battery with a deadly weapon on a person sixty-five years of age or older (count two). Resp. Ex. A at 10, Information. On October 16, 2008, Robinson pled guilty to the aggravated battery charge. <u>Id</u>. at 21-22, Plea of Guilty; 66-77, Transcript of the Plea Hearing (Plea Tr.). The State agreed to a thirty-year sentencing cap and dismissal of the armed robbery charge. <u>Id</u>. at 21-22. On November 17, 2008, the court sentenced Robinson to a term of imprisonment of fifteen years. <u>Id</u>. at 30-35, Judgment; 78-88, Transcript of the Sentencing (Sentencing Tr.).

On May 19, 2009, the appellate court granted Robinson's petition for a belated appeal. <u>Robinson v. State</u>, 14 So.3d 248 (Fla. 1st DCA 2009) (per curiam); Resp. Ex. A at 40-42, 59. Robinson, through counsel, filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). Resp. Ex. B, Initial Brief of Appellant. The appellate court granted Robinson an opportunity to file a pro se brief, <u>see</u> Resp. Ex. C, but he did not do so, <u>see</u> PD-2 at 7. On July 13, 2010, the appellate court affirmed Robinson's conviction and sentence per curiam without issuing a written opinion, <u>see</u> <u>Robinson v. State</u>, 39 So.3d 1269 (Fla. 1st DCA 2010);

Resp. Ex. D, and the mandate issued on August 10, 2010, <u>see</u> Resp. Ex. D. Robinson did not seek review in the United States Supreme Court.

While the direct appeal was pending, Robinson filed a pro se motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) on February 20, 2009. Resp. Ex. E at 1-7. On May 29, 2009, the court denied the motion. <u>Id</u>. at 8-10. On October 1, 2009, the appellate court affirmed the trial court's denial per curiam, <u>see</u> <u>Robinson v. State</u>, 19 So.3d 315 (Fla. 1st DCA 2009); Resp. Ex. F, and the mandate issued on October 27, 2009, <u>see</u> Resp. Ex. F.

On November 5, 2010, Robinson filed a pro se petition for writ of mandamus. Resp. Ex. G. The court denied the petition on December 8, 2010. Resp. Ex. H. The appellate court dismissed the appeal on May 3, 2011. Resp. Ex. I.

On March 21, 2011, Robinson filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. J at 1-18. In his request for post conviction relief, Robinson asserted that his guilty plea was involuntarily entered because counsel: threatened him (ground one), and permitted the State to misrepresent the evidence (ground two). Additionally, he asserted that counsel was ineffective because he: failed to conduct an adequate pretrial investigation (grounds three and four); entered a false and misleading statement (that Robinson did

not recall the aggravated battery) into the court's record (ground five); and failed to object to the habitual felony offender sentence (ground six). The circuit court denied Robinson's motion on April 20, 2012. Id. at 28-77. On July 6, 2012, the appellate court affirmed the trial court's denial per curiam, see Robinson v. State, 93 So.3d 826 (Fla. 1st DCA 2012); Resp. Ex. K, and the mandate issued on August 1, 2012, see Resp. Ex. L.

### III. One-Year Limitations Period

The Petition appears to be timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d); Response at 2.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

4

## V. Standard of Review

The Court will analyze Robinson's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, 28 U.S.C. § 2254(d) "bars religation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S.Ct. 770, 784 (2011). As the United States Supreme Court stated, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S.Ct. 10, 16 (2013). This standard of review is described as follows:

> Under AEDPA, when the state court has adjudicated the petitioner's claim on the merits, a federal court may not grant habeas

relief unless the state court's decision was
"contrary to, or involved an unreasonable
application of, clearly established Federal
law, as determined by the Supreme Court of the
United States," 28 U.S.C. § 2254(d)(1), or
"was based on an unreasonable determination of
the facts in light of the evidence presented
in the State court proceeding," id. §
2254(d)(2). "Under § 2254(d)(1)'s 'contrary
to' clause, we grant relief only 'if the state
court arrives at a conclusion opposite to that
reached by [the Supreme] Court on a question
of law or if the state court decides a case
differently than [the Supreme Court] has on a
set of materially indistinguishable facts.'"
Jones v. GDCP Warden, 753 F.3d 1171, 1182
(11th Cir. 2014) (quoting Williams v. Taylor,
529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d
389 (2000)). "Under § 2254(d)(1)'s
'unreasonable application' clause, we grant
relief only 'if the state court identifies the
correct governing legal principle from [the
Supreme] Court's decisions but unreasonably
applies that principle to the facts of the
prisoner's case.'" Id. (quoting Williams, 529
U.S. at 413, 120 S.Ct. 1495).

    For § 2254(d), clearly established
federal law includes only the holdings of the
Supreme Court – not Supreme Court dicta, nor
the opinions of this Court. White v. Woodall,-
U.S. –, 134 S.Ct. 1697, 1702, 188 L.Ed.2d 698
(2014). To clear the § 2254(d) hurdle, "a
state prisoner must show that the state
court's ruling on the claim being presented in
federal court was so lacking in justification
that there was an error well understood and
comprehended in existing law beyond any
possibility for fairminded disagreement."
Harrington v. Richter, 562 U.S. 86, 131 S.Ct.
770, 786-87, 178 L.Ed.2d 624 (2011). "[A]n
'unreasonable application of' [Supreme Court]
holdings must be 'objectively unreasonable,'
not merely wrong; even 'clear error' will not
suffice." Woodall, 134 S.Ct. at 1702 (quoting
Lockyer v. Andrade, 538 U.S. 63, 75-76, 123
S.Ct. 1166, 155 L.Ed.2d 144 (2003)). A state
court need not cite or even be aware of

> Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); accord Richter, 131 S.Ct. at 784.
>
> "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010) (citations and internal quotation marks omitted). And when a claim implicates both AEDPA and Strickland, our review is doubly deferential. Richter, 131 S.Ct. at 788 ("The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (citations and internal quotation marks omitted)). [A petitioner] must establish that no fairminded jurist would have reached the Florida court's conclusion. See Richter, 131 S.Ct. at 786-87; Holsey v. Warden, Ga. Diagnostic Prison, 694 F.3d 1230, 1257-58 (11th Cir. 2012). "If this standard is difficult to meet, that is because it was meant to be." Richter, 131 S.Ct. at 786....

Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1293-94 (11th Cir. 2014); see also Hittson v. GDCP Warden, 759 F.3d 1210, 1230 (11th Cir. 2014).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Hittson, 759 F.3d at 1232 ("[T]here is no AEDPA requirement that a state court explain its reasons for

rejecting a claim[.]"); <u>Richter</u>, 131 S.Ct. at 785 (holding that §
2254(d) does not require a state court to give reasons before its
decision can be deemed to have been adjudicated on the merits);
<u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th
Cir. 2002). Thus, to the extent that Robinson's claims were
adjudicated on the merits in the state courts, they must be
evaluated under § 2254(d).

### VI. Exhaustion/Procedural Default

There are prerequisites to a federal habeas review. Before
bringing a § 2254 habeas action in federal court, a petitioner must
exhaust all state court remedies that are available for challenging
his state conviction. <u>See</u> 28 U.S.C. § 2254(b), (c). To exhaust
state remedies, the petitioner must "fairly present[]" every issue
raised in his federal petition to the state's highest court, either
on direct appeal or on collateral review. <u>Castille v. Peoples</u>, 489
U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust
a claim, "state prisoners must give the state courts one full
opportunity to resolve any constitutional issues by invoking one
complete round of the State's established appellate review
process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999).

In addressing exhaustion, the United States Supreme Court
explained:

> Before seeking a federal writ of habeas
> corpus, a state prisoner must exhaust
> available state remedies, 28 U.S.C. §
> 2254(b)(1), thereby giving the State the

> "'"opportunity to pass upon and correct"
> alleged violations of its prisoners' federal
> rights.'" Duncan v. Henry, 513 U.S. 364, 365,
> 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per
> curiam) (quoting Picard v. Connor, 404 U.S.
> 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438
> (1971)). To provide the State with the
> necessary "opportunity," the prisoner must
> "fairly present" his claim in each appropriate
> state court (including a state supreme court
> with powers of discretionary review), thereby
> alerting that court to the federal nature of
> the claim. Duncan, supra, at 365-366, 115
> S.Ct. 887; O'Sullivan v. Boerckel, 526 U.S.
> 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1
> (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A state prisoner's failure to properly exhaust available state remedies results in a procedural default which raises a potential bar to federal habeas review. The United States Supreme Court has explained the doctrine of procedural default as follows:

> Federal habeas courts reviewing the
> constitutionality of a state prisoner's
> conviction and sentence are guided by rules
> designed to ensure that state-court judgments
> are accorded the finality and respect
> necessary to preserve the integrity of legal
> proceedings within our system of federalism.
> These rules include the doctrine of procedural
> default, under which a federal court will not
> review the merits of claims, including
> constitutional claims, that a state court
> declined to hear because the prisoner failed
> to abide by a state procedural rule. See,
> e.g., Coleman,[1] supra, at 747-748, 111 S.Ct.
> 2546; Sykes,[2] supra, at 84-85, 97 S.Ct. 2497.
> A state court's invocation of a procedural

---

[1] Coleman v. Thompson, 501 U.S. 722 (1991).

[2] Wainwright v. Sykes, 433 U.S. 72 (1977).

9

> rule to deny a prisoner's claims precludes
> federal review of the claims if, among other
> requisites, the state procedural rule is a
> nonfederal ground adequate to support the
> judgment and the rule is firmly established
> and consistently followed. <u>See</u>, <u>e.g.</u>, <u>Walker
> v. Martin</u>, 562 U.S. --, --, 131 S.Ct. 1120,
> 1127-1128, 179 L.Ed.2d 62 (2011); <u>Beard v.
> Kindler</u>, 558 U.S. --, --, 130 S.Ct. 612,
> 617-618, 175 L.Ed.2d 417 (2009). The doctrine
> barring procedurally defaulted claims from
> being heard is not without exceptions. A
> prisoner may obtain federal review of a
> defaulted claim by showing cause for the
> default and prejudice from a violation of
> federal law. <u>See Coleman</u>, 501 U.S., at 750,
> 111 S.Ct. 2546.

<u>Martinez v. Ryan</u>, 132 S.Ct. 1309, 1316 (2012). Thus, procedural
defaults may be excused under certain circumstances.
Notwithstanding that a claim has been procedurally defaulted, a
federal court may still consider the claim if a state habeas
petitioner can show either (1) cause for and actual prejudice from
the default; or (2) a fundamental miscarriage of justice. <u>Maples v.
Thomas</u>, 132 S.Ct. 912, 922 (2012) (citations omitted); <u>In Re Davis</u>,
565 F.3d 810, 821 (11th Cir. 2009) (citation omitted). In order for
Petitioner to establish cause,

> the procedural default "must result from some
> objective factor external to the defense that
> prevented [him] from raising the claim and
> which cannot be fairly attributable to his own
> conduct." <u>McCoy v. Newsome</u>, 953 F.2d 1252,
> 1258 (11th Cir. 1992) (quoting <u>Carrier</u>, 477
> U.S. at 488, 106 S.Ct. 2639). Under the
> prejudice prong, [a petitioner] must show that
> "the errors at trial actually and
> substantially disadvantaged his defense so
> that he was denied fundamental fairness." <u>Id</u>.

at 1261 (quoting <u>Carrier</u>, 477 U.S. at 494, 106
S.Ct. 2639).

<u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir. 1999).

In <u>Martinez</u>, the Supreme Court modified the general rule in <u>Coleman</u>[3] to expand the "cause" that may excuse a procedural default. <u>Martinez</u>, 132 S.Ct. at 1315.

> Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim. From this it follows that, when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the

---

[3] "Negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'" <u>Maples v. Thomas</u>, 132 S.Ct. 912, 922 (citing <u>Coleman</u>, 501 U.S. at 753). The Court reasoned that, under principles of agency law, the attorney is the prisoner's agent, and therefore, the principal bears the risk of negligent conduct on the part of his agent. <u>Coleman</u>, 501 U.S. at 753-54. In <u>Coleman</u>, the alleged ineffectiveness of counsel was on appeal from an initial-review collateral proceeding, and in that proceeding the prisoner's claims had been addressed by the state habeas trial court. <u>Id</u>. at 755. However, the <u>Martinez</u> Court addressed inadequate assistance of counsel at an initial-review collateral proceeding.

> standards of <u>Strickland v. Washington</u>, 466
> U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
> (1984). To overcome the default, a prisoner
> must also demonstrate that the underlying
> ineffective-assistance-of-trial-counsel claim
> is a substantial one, which is to say that the
> prisoner must demonstrate that the claim has
> some merit. <u>Cf. Miller-El v. Cockrell</u>, 537
> U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931
> (2003) (describing standards for certificates
> of appealability to issue).

<u>Id</u>. at 1318-19.

In the absence of a showing of cause and prejudice, a petitioner may receive consideration on the merits of a procedurally defaulted claim if he can establish that a fundamental miscarriage of justice, the continued incarceration of one who is actually innocent, otherwise would result. The Eleventh Circuit has explained:

> [I]f a petitioner cannot show cause and
> prejudice, there remains yet another avenue
> for him to receive consideration on the merits
> of his procedurally defaulted claim. "[I]n an
> extraordinary case, where a constitutional
> violation has probably resulted in the
> conviction of one who is actually innocent, a
> federal habeas court may grant the writ even
> in the absence of a showing of cause for the
> procedural default." <u>Carrier</u>, 477 U.S. at 496,
> 106 S.Ct. at 2649.[4] "This exception is
> exceedingly narrow in scope," however, and
> requires proof of actual innocence, not just
> legal innocence. <u>Johnson v. Alabama</u>, 256 F.3d
> 1156, 1171 (11th Cir. 2001).

<u>Ward</u>, 592 F.3d at 1157. "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror

---

[4] <u>Murray v. Carrier</u>, 477 U.S. 478 (1986).

would have convicted him' of the underlying offense." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." <u>Calderson v. Thompson</u>, 523 U.S. 538, 559 (1998) (quoting <u>Schlup</u>, 513 U.S. at 324). With the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected. <u>Schlup</u>, 513 U.S. at 324.

## VII. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citing <u>Wiggins v. Smith</u>, 539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [<u>Strickland</u>,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. <u>Id</u>., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id</u>., at 687, 104 S.Ct. 2052.

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[5] A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." <u>Id</u>., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Id</u>., at 687, 104 S.Ct. 2052.

<u>Richter</u>, 131 S.Ct. at 787-88. Since both prongs of the two-part <u>Strickland</u> test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." <u>Ward v. Hall</u>, 592 F.3d 1144, 1163 (11th Cir. 2010)(citation omitted).

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one." <u>Richter</u>, - U.S. at -, 131 S.Ct. at 788. But "[e]stablishing that a state court's application of <u>Strickland</u> was unreasonable

---

[5] In the context of an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985); <u>see Lynch v. Sec'y, Fla. Dep't of Corr.</u>, 776 F.3d 1209, 1218 (11th Cir. 2015) (citation omitted) (stating that, to succeed on a claim that counsel was ineffective because he advised petitioner to plead guilty, petitioner "must prove that: (1) counsel's advice was deficient; and (2) 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial'").

> under § 2254(d) is all the more difficult. The
> standards created by <u>Strickland</u> and § 2254(d)
> are both highly deferential, and when the two
> apply in tandem, review is doubly so." <u>Id</u>.
> (citations and quotation marks omitted). "The
> question is not whether a federal court
> believes the state court's determination under
> the <u>Strickland</u> standard was incorrect but
> whether that determination was unreasonable -
> a substantially higher threshold." <u>Knowles v.
> Mirzayance</u>, 556 U.S. 111, 123, 129 S.Ct. 1411,
> 1420, 173 L.Ed.2d 251 (2009) (quotation marks
> omitted). If there is "any reasonable argument
> that counsel satisfied <u>Strickland</u>'s
> deferential standard," then a federal court
> may not disturb a state-court decision denying
> the claim. <u>Richter</u>, - U.S. at -, 131 S.Ct. at
> 788.

<u>Hittson</u>, 759 F.3d at 1248; <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123

(2009); <u>see also</u> <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th

Cir. 2004) ("In addition to the deference to counsel's performance

mandated by <u>Strickland</u>, the AEDPA adds another layer of

deference--this one to a state court's decision--when we are

considering whether to grant federal habeas relief from a state

court's decision."). "Surmounting <u>Strickland</u>'s high bar is never an

easy task." <u>Padilla v. Kentucky</u>, 559 U.S. 356, 371 (2010).

### VIII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Robinson asserts that counsel (Assistant Public

Defender Sean Anthony Espenship)[6] was ineffective because he:

---

[6] Espenship represented Robinson from April 2008 through the
November 17, 2008 sentencing. <u>See</u> Resp. Ex. PD-1. James Armstrong
represented Robinson at the plea hearing. <u>See</u> Plea Tr. at 68 ("Your
Honor, . . . I'm standing in for Mr. Espenship this morning.").

failed to depose two witnesses (Patricia Ann Robinson and Berita Mae Robinson), and coerced Robinson into pleading guilty to aggravated battery with a deadly weapon on a person sixty-five years of age or older. Petition at 5-8. Respondents argue that the claim is procedurally barred. See Response at 5-7. Assuming that Robinson intends to raise the same ineffectiveness of trial counsel claim here that he raised in his Rule 3.850 motion in state court,[7] his ineffectiveness claim is sufficiently exhausted.[8] Identifying the two-prong Strickland ineffectiveness test and Hill v. Lockhart as the controlling law, the trial court denied the post conviction motion with respect to this claim, stating in pertinent part:

> In his first claim for relief, Defendant alleges that his plea was involuntarily entered due to counsel's threat that, quoting directly from Defendant's Motion: "'If you don't take this deal you'll never see the light of day again.' [S]uch [w]as spoken in a loud angry voice, that interrupted a court

---

[7] See Reply at 3-4 (asserting that he raised this ground in his Rule 3.850 motion).

[8] To the extent that Robinson has expanded the ineffectiveness claim to include new factual allegations that were not before the Rule 3.850 court, those claims are procedurally barred. See Response at 5-7. Robinson has not shown either cause excusing the default or actual prejudice resulting from the bar. Moreover, he has not shown that he is entitled to the fundamental miscarriage of justice exception. "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S.Ct. at 1318 (citation omitted). As discussed in the alternative merits analysis that follows, this ineffectiveness claim lacks any merit. Therefore, Robinson has not shown that he can satisfy an exception to the bar.

proceeding." (Defendant's Motion, page 6.)[9]
Even assuming <u>arguendo</u> that counsel did
participate in said exchange, Defendant's
claim still fails because the record refutes
his allegations and prevents him from
demonstrating the requisite prejudice under
<u>Strickland</u>. Specifically, this Court looks to
the plea colloquy, which occurred on October
16, 2008, and the Plea of Guilty form which
was signed by Defendant prior to the plea
colloquy. (Exhibit "D.")[10] <u>See</u> <u>Johnson v.</u>
<u>State</u>, 22 So.3d 840, 844 (Fla. 1st DCA 2009)
("When determining 'whether an allegation is
conclusively refuted by the record, [a trial
court] may rely on the sworn testimony the
defendant has given in the plea colloquy. Any
allegations that contradict those answers
should not be entertained.'") (quoting <u>Smith</u>
<u>v. State</u>, 21 So.3d 72, 76 (Fla. 1st DCA
2009)); <u>see</u> <u>also</u> <u>Iacono v. State</u>, 930 So.2d
829, 831 (Fla. 4th DCA 2006).

After reviewing the plea and sentencing
transcripts, the Court finds that Defendant's
allegations are refuted by the record. First,
as to Defendant's claims that his plea was not
voluntarily entered, the Court notes that the
plea form clearly indicates that Defendant is
pleading guilty. (Exhibit "A.") Furthermore,
Defendant testified under oath as follows:

> THE COURT: Now, other than this
> agreement to drop the other charge,
> has anyone promised you anything to
> get you to plead guilty?
>
> DEFENDANT: No, sir.
>
> THE COURT: Nobody told you what
> sentence you might get?
>
> DEFENDANT: No, sir.

---

[9] <u>See</u> Resp. Ex. J at 6.

[10] <u>See</u> Resp. Ex. A at 21-22, Plea of Guilty; <u>see</u> <u>also</u> Plea Tr.

THE COURT: You understand it could be anywhere from time served up to 30 years in prison.

DEFENDANT: Yes, sir.

THE COURT: If you are sentenced to prison and classified as a habitual felony offender[,] that can affect adversely how much gain time you can get once you go to prison and how quickly you might be able to get conditional release, you understand all that?

DEFENDANT: Yes, sir.

THE COURT: Your head is clear today?

DEFENDANT: Yes, sir.

THE COURT: You are not under the influence of any medicines, drugs, intoxicants?

DEFENDANT: None at all, sir.

THE COURT: Now has anybody made any threats against you to get you to plead guilty?

DEFENDANT: No, sir.

THE COURT: Are you then pleading guilty freely and voluntarily and because you're guilty of this charge?

DEFENDANT: Yes, sir.

THE COURT: Have you had enough time to talk all this over with your lawyer?

DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with his services?

DEFENDANT: More than satisfied.

(Ex. "D" at 5-6.)[11]

Thus, Defendant's claim that he did not voluntarily enter a guilty plea is directly refuted by the record above. <u>See</u> <u>Stano v. State</u>, 520 So.2d 278, 280 (Fla. 1988) (holding that in a postconviction motion, a defendant may not seek to go behind his sworn testimony at a plea hearing); <u>see</u> <u>also</u> <u>Davis v. State</u>, 938 So.2d 555 (Fla. 1st DCA 2006).

Given the above record, specifically Defendant's sworn acknowledgment that he was not threatened to plea[d] guilty, and Defendant's later sworn statements regarding his satisfaction with his attorney's representation, Defendant cannot establish the requisite prejudice under <u>Strickland</u>, <u>Hill</u> and <u>Grosvenor</u>.[12] (Ex. "D" at 4-7.) As such, his first ground for relief is denied.

Resp. Ex. J at 30-32. On Robinson's appeal, the appellate court affirmed the trial court's denial per curiam. <u>See</u> <u>Robinson</u>, 93 So.3d 826; Resp. Ex. K.

Given the record in the instant action, the appellate court may have affirmed the denial of Robinson's motion for post conviction relief on the merits. If the appellate court addressed the merits, Robinson would not be entitled to relief because the state courts' adjudications of this claim are entitled to deference under AEDPA. After a thorough review of the record and the applicable law, the Court concludes that the state courts'

---

[11] <u>See</u> Plea Tr. at 70-71.

[12] <u>See</u> <u>Grosvenor v. State</u>, 874 S.2d 1176, 1179 (Fla. 2004).

adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were the state court adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Robinson is not entitled to relief on the basis of this claim.

Even assuming that the appellate court did not affirm the denial of the Rule 3.850 motion on the merits or that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Robinson's claim is still without merit. The trial court's conclusion is fully supported by the record. In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence. See Anderson v. Sec'y, Fla. Dep't of Corr., 752 F.3d 881, 904 (11th Cir. 2014), cert. denied, 135 S.Ct. 1483 (2015). The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005). Thus, Robinson must establish that no competent attorney would have taken the action that counsel, here, chose.

Moreover, the test for ineffectiveness is neither whether counsel could have done more nor whether the best criminal defense attorneys might have done more; in retrospect, one may always identify shortcomings. Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance") (quotations omitted). Instead, the test is whether what counsel did was within the wide range of reasonable professional assistance. Ward v. Hall, 592 F.3d at 1164 (quotations and citation omitted); Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted).

On the record in this case, counsel's performance was well within the wide range of professionally competent assistance. As previously stated, Robinson asserted that counsel was ineffective because he failed to depose Patricia Ann Robinson and Berita Mae Robinson, who were residents at the rooming house where Robinson lived at the time of the aggravated battery. See Petition at 5-6. Robinson states that, if counsel had deposed these witnesses, he would have discovered that Robinson was not wearing blue jeans that day and did not place a padlock on the outside of the victim's front door. See id. at 6. Robinson also asserted that counsel coerced him into pleading guilty to aggravated battery by using

21

"gross and inappropriate tactics," such as showing him photographs of the victim's injuries and telling him that the police found bloody clothing in his room. See id. at 7-8.

According to the Arrest and Booking Report, dated March 4, 2008, Officer Tutson reported the following facts:

> On 03-04-08 at 0654, I was dispatched to 1209 west 3rd street, regarding assisting members of fire & rescue on a battery situation. Upon my arrival, the victim, Mr. Thomas Lewis, was present inside of rescue #7.
>
> Mr. Lewis was conscious and alert when asked what happen[ed]. **Mr. Lewis advised he answered his bedroom door last night and William hit him in the head with a hammer.** One of the members of the rescue unit advised upon their arrival, the room was locked with a padlock and had to be forcibly entered. The victim, was transported to SHANDS Hospital for treatment. **The William referred to by the victim is William Mack Robinson.** Mr. Robinson was located in an upstairs room in a back bedroom. I made contact with the suspect and advised him I was investigating a disturbance involving Mr. Thomas Lewis. The suspect denied any knowledge of having made contact with the victim last night. The suspect was escorted to my patrol vehicle and detained in the back seat. The suspect signed a "consent to search form" and allowed this officer and evidence technician J.T. Anderson #7871 to search his room. **Two hammers were located in the suspect's bedroom.** One hammer was located on the floor and a second hammer was located in a dresser draw[er]. Both items were photographed and taken into evidence by detective Anderson.
>
> The suspect was transported to the PMB [(Police Memorial Building)] where he was interviewed by robbery detective T.A. Gagnon #5715. After a brief discussion, the suspect refused to answer any questions and invoked his rights to a lawyer. Detective Gagnon went

to SHANDS Hospital to interview the victim.
The victim advised the detective that last
night around 2300, the suspect knocked on his
door. The victim opened his door and allowed
the suspect to enter. The victim turned his
back to the suspect and then felt a sharp pain
to the back of his head. **The victim turned
around and observed the suspect swinging at
him with a hammer.** The suspect stated "Where
is your wallet?" The victim stated he was hit
an unknown number of times with the hammer as
he layed [sic] on the bed. The suspect was
observed reaching under the victim's pillow
and removing the victim's wallet. The victim
advised he blacked out and later woke up and
noticed his room had been locked from the
outside. The victim managed to call 911 on his
cellular telephone.

Resp. Ex. A at 2 (emphasis added). Thus, counsel knew that the

elderly victim had specifically identified Robinson, as the

assailant.[13] On this record, if counsel had deposed Berita and

Patricia Ann, he may have uncovered some discrepancies between

their accounts. Nevertheless, in doing so, counsel would have

risked strengthening the State's case relating to the clothing

Robinson had worn and whether Robinson had been drinking beer with

Berita that night.

Notably, at the plea hearing, the trial judge asked Robinson:

"Is there anything then that you wanted [counsel] to do on your

case that he has not done?" Plea Tr. at 71. Robinson stated, "No,

sir." Id. Robinson acknowledged that counsel had answered all his

---

[13] In Robinson's Rule 3.850 motion, he stated that he and the
victim had "been friendly for over 40 years . . . ." Resp. Ex. J at
12.

questions, that he was more than satisfied with counsel's representation, and that no one had coerced him into pleading guilty. Id. The written plea form signed by Robinson provides: "I have not been threatened, coerced, or intimidated by any person, including my attorney, in any way in order to get me to enter this plea." Resp. Ex. A at 21. At the plea hearing, Robinson affirmed that he understood all of the statements in the written plea form and that those statements were true and accurate. Plea Tr. at 72.

The United States Supreme Court has determined that "the representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Moreover, "[a] reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991). On this record, Robinson has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance.

24

Even assuming arguendo deficient performance by defense counsel, Robinson has not shown prejudice. He has not shown a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. At the plea hearing, Robinson acknowledged that he pled guilty because he was in fact guilty of the charge. Plea Tr. at 71. Additionally, the State's evidence against Robinson was overwhelming. The elderly victim, who suffered substantial injuries related to the battery, identified Robinson as the offender, and evidence technicians had found a hammer and bloody clothing in Robinson's residence.[14] At the plea hearing, the State provided a factual basis for the guilty plea.

> At trial[,] the State would prove beyond a reasonable doubt that William Robinson on or between March 3rd and March 4th of 2008 in Duval County, Florida, did knowingly commit a battery upon Thomas Lewis, a person 74 years of age, by actually and intentionally striking Thomas Lewis against his will, and in committing battery used a deadly weapon, to wit: Hammer. Mr. Robinson struck Mr. Lewis with a hammer in the head several times. The DNA on the clothes that Mr. Robinson[,] as well as other items[,] was wearing that day came back with the victim's blood on Mr. Robinson's clothes. That is contrary to provision of section 784.08(2)(a)[,] Florida Statutes.

Id. at 74-75. After the State's recitation of the factual basis for the plea, the trial judge accepted Robinson's plea and found that

---

[14] See Sentencing Tr. at 83-86; 85 ("We were provided DNA evidence which pretty much sealed my client's fate.").

he had entered it freely, voluntarily and knowingly. Id. at 75. As part of the plea agreement, the State had agreed to a thirty-year sentencing cap for the aggravated battery charge as well as a nolle prosequi as to the armed robbery charge. If Robinson had proceeded to trial, and the jury had found him guilty of the offense, he would have faced a possible term of life imprisonment, especially given the brutality of the battery. See Reply at 6; Sentencing Tr. at 83-85. Robinson's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Robinson is not entitled to habeas relief on the basis of this ineffectiveness ground. See Response at 7-9.

## B. Ground Two

As ground two, Robinson asserts that counsel was ineffective when he failed to challenge or object to the State's introduction of evidence that ultimately "burdened the Petitioner with the presumption of guilt." Petition at 11. He states that counsel failed to object when the State: gave "false and misleading testimony" relating to a hammer and bloody clothing found in Robinson's room, see id. at 9-10; misrepresented the victim's identification of Robinson as the assailant, id. at 10; and "incorrectly introduced" clothing (blue jeans) allegedly worn by Robinson at the time of his arrest, id. at 10-11. Respondents argue that the claim is procedurally barred. See Response at 10. Assuming that Robinson intends to raise the same ineffectiveness of trial

counsel claim here that he raised in his Rule 3.850 motion in state court,[15] his ineffectiveness claim is sufficiently exhausted.

Turning to the merits of Robinson's ineffectiveness claim, this ground does not warrant federal habeas relief. Upon the trial judge's request at the plea hearing, the State provided a factual basis for Robinson's guilty plea. In doing so, the prosecutor stated that the State would prove beyond a reasonable doubt at trial that Robinson, on or between March 3rd and March 4th, 2008, did knowingly commit a battery upon Lewis by intentionally striking him in the head several times against his will, and in committing the battery used a deadly weapon (a hammer). Plea Tr. at 74-75. The prosecutor also stated that the clothes that Robinson wore that day had Lewis's blood on them. Id. at 75. After the State set forth the factual basis for the plea, defense counsel stated: "No objection for purposes of the plea." Id.

On the record in this case, counsel's performance was well within the wide range of professionally competent assistance. The "evidence" that Robinson now argues counsel should have challenged was not "introduced" over objection at trial. Instead, the State recited the factual basis for Robinson's plea, which defense counsel accepted only for that purpose. Having pled guilty, Robinson was no longer presumed innocent. Robinson acknowledged

---

[15] See Reply at 4 (asserting that he is not challenging the sufficiency of the evidence, but instead is raising an ineffectiveness claim); Resp. Ex. J at 32.

that he pled guilty because he was in fact guilty of the charge.
Id. at 71. Even assuming arguendo deficient performance by defense
counsel, Robinson has not shown prejudice. He has not shown a
"reasonable probability that, but for counsel's errors, he would
not have pleaded guilty and would have insisted on going to trial."
Hill, 474 U.S. at 59. As previously stated, the State's evidence
against Robinson was overwhelming. Robinson's ineffectiveness claim
is without merit since he has shown neither deficient performance
nor resulting prejudice. Robinson is not entitled to habeas relief
on the basis of this ineffectiveness ground. See Response at 10-11.

## C. Ground Three

As ground three, Robinson asserts that counsel was ineffective
because he failed to conduct "minimal pre-trial investigations" to
prepare a defense for Robinson. Petition at 12. Assuming that
Robinson intends to raise the same ineffectiveness of trial counsel
claim here that he raised in his Rule 3.850 motion in state court
(as grounds three and four) his ineffectiveness claim is
sufficiently exhausted. The circuit court denied the post
conviction motion with respect to this claim, stating in pertinent
part:

> In the instant case, defense counsel was
> not deficient. On April 22, 2008, counsel
> filed a Motion for Statement of Particulars in
> order to determine the exact times and places

and dates of the charged crimes. (Ex. "F.")[16]
On that same date, counsel filed [a] Notice of
Discovery and Specific Demand for Information,
thus indicating counsel's desire to
participate in the discovery process. (Ex.
"G.")[17] Moreover, Defendant testified in open
court:

> THE COURT: Are you satisfied with
> his services?
>
> DEFENDANT: More than satisfied.
>
> THE COURT: Is there anything then
> that you wanted him to do on your
> case that he has not done?
>
> DEFENDANT: No, sir.

(Ex. "D" at 6.)[18] Additionally, at the time
of the entry of his plea, the Defendant signed
the Plea Agreement. In that Plea Agreement,
the following provisions, inter alia, are
included:

Consultation with Attorney

> I have had ample time to discuss
> this agreement with my attorney. My
> attorney and I have read this
> agreement regarding my guilty plea
> together in private, and my attorney
> has explained all portions of this
> agreement to my complete
> understanding and satisfaction. We
> have fully discussed all aspects of
> the case, including all possible
> defenses to all charges, including
> self-defense and any defense based
> upon any disability, disease,

---

[16] See Resp. Ex. A at 11, Motion for Statement of Particulars,
filed April 22, 2008.

[17] See Resp. Ex. A at 12, Notice of Discovery and Specific
Demand for Information, filed April 22, 2008.

[18] See Plea Tr. at 71.

> insanity, or intoxication. My
> attorney has given me the
> opportunity to ask questions and has
> answered all my questions fully and
> completely. My attorney has taken
> all actions requested by me, or has
> explained to my satisfaction and
> agreement why such actions should
> not be taken, and I concur with my
> attorney's decisions in that regard.
> I am completely satisfied with the
> services rendered by my attorney on
> my behalf in this case.

(Ex. "A.") Therefore, counsel's pre-trial investigation was sufficient and does not constitute deficient performance. Further, Defendant has failed to establish how he was prejudiced by counsel's deficiency. Having failed to meet the burdens of <u>Strickland</u>, Defendant's third ground is denied.

. . . .

In his fourth claim for relief, Defendant alleges that counsel failed to conduct an adequate pre-trial investigation, different from what was alleged in ground three. Specifically, Defendant argues that counsel did not investigate "the amount of traffic, prostitution, and crack dealing at the rooming house 24 hours a day seven days a week." (Defendant's Motion, Page 7.) As in ground three, the claim is refuted in the same manner. . . .

As for Defendant's claim of inadequate assistance of counsel, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." <u>Strickland</u>, 466 U.S. at 691; <u>see also</u> <u>Marshall v. State</u>, 854 So.2d 1235, 1247 (Fla. 2003). Moreover a defendant still must show that he suffered prejudice as a result of any allegedly deficient performance by counsel. <u>See Strickland</u>, 466 U.S. at 687.

> In the instant case, defense counsel was not deficient and Defendant cannot show prejudice for the same reasons as stated in claim three. Defendant's fourth ground is denied.

Resp. Ex. J at 33-35. On Robinson's appeal, the appellate court affirmed the trial court's denial per curiam.

Given the record in the instant action, the appellate court may have affirmed the denial of Robinson's motion for post conviction relief on the merits. If the appellate court addressed the merits, Robinson would not be entitled to relief because the state courts' adjudications of this ineffectiveness claim are entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were the state court adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Robinson is not entitled to relief on the basis of this claim.

Even assuming that the appellate court did not affirm the denial of the Rule 3.850 motion on the merits or that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Robinson's claim is still without merit. The trial court's conclusion is fully supported by the record. Counsel's

performance was well within the wide range of professionally competent assistance since he conducted a reasonably adequate pretrial investigation. Even assuming arguendo deficient performance by defense counsel, Robinson has not shown prejudice. Therefore, Robinson's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

### D. Ground Four

As ground four, Robinson asserts that counsel was ineffective because he conceded Robinson's guilt at the November 16, 2008 sentencing. Robinson raised this ineffectiveness claim in his Rule 3.850 motion in state court. The circuit court denied the post conviction motion with respect to this claim, stating in pertinent part:

> Defendant alleges that trial counsel entered into the court record a false and misleading statement, that Defendant does not recall the aggravated battery. (Exhibit "E" page 8) Again, assuming arguendo that counsel did make a false or misleading statement, Defendant's claim still fails because Defendant can not demonstrate the requisite prejudice under Strickland. . . .

Resp. Ex. J at 35. On Robinson's appeal, the appellate court affirmed the trial court's denial per curiam.

Given the record, the appellate court may have affirmed the denial of Robinson's motion for post conviction relief on the merits. If the appellate court addressed the merits, Robinson would not be entitled to relief because the state courts' adjudications

of this claim are entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were the state court adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Robinson is not entitled to relief on the basis of this claim.

Even assuming that the appellate court did not affirm the denial of the Rule 3.850 motion on the merits or that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Robinson's claim is still without merit. The trial court's conclusion is fully supported by the record. Counsel's performance was well within the wide range of professionally competent assistance. Robinson pled guilty on October 16, 2008. A month later, the court sentenced him. At the November 17, 2008 sentencing, the prosecutor requested that the trial court sentence Robinson to a term of fifteen years of incarceration. See Sentencing Tr. at 84-85. Confronted with the State's sentencing recommendation, defense counsel argued for a lighter sentence.

> Your Honor, there's no disagreement, this was a heinous crime, the victim here did suffer some substantial injuries. Really our only stance here is that my client was totally unaware of anything that occurred. **He still doesn't recall**. We were set for trial. We were

provided DNA evidence which pretty much sealed my client's fate. **So even to this day he doesn't recall**. I know that's no defense, whether it's alcohol, drugs, et cetera, the crime did occur. Once he was confronted with that evidence and the brutality of this incident, he did take responsibility at that juncture. He does live in a boarding house. This place is -- I did receive proof that numerous crimes occurred in this place over the course of the past year or so. Not saying that my client had anything to do with this, but once faced with that damning evidence it was really in his best interest to enter a plea to the Court here, beg for mercy, take responsibility.

Now he is an older gentleman, he has not been sentenced -- actually has been working and a productive member of society for over 15 years and any lengthy prison sentence would be a death sentence for my client, so I request the Court here to sentence him to eight years [in] Florida State Prison.

Id. at 85-86 (emphasis added). On Robinson's appeal, the appellate court affirmed the trial court's denial per curiam.

Given the record in the instant action, the appellate court may have affirmed the denial of Robinson's motion for post conviction relief on the merits. If the appellate court addressed the merits, Robinson would not be entitled to relief because the state courts' adjudications of this ineffectiveness claim are entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were the state

court adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Robinson is not entitled to relief on the basis of this claim.

Even assuming that the appellate court did not affirm the denial of the Rule 3.850 motion on the merits or that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Robinson's claim, nevertheless, is without merit. The trial court's conclusion is fully supported by the record. Counsel's performance was well within the wide range of professionally competent assistance. Counsel's remark was part of his argument to the trial judge attempting to obtain a lighter sentence for Robinson. Even assuming arguendo deficient performance by defense counsel, Robinson has not shown prejudice. Therefore, Robinson's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. See Response at 12-15.

### E. Ground Five

As ground five, Robinson asserts that counsel was ineffective because he coerced Robinson to enter the plea when he threatened him with "extreme sentencing" if he rejected the plea. Robinson raised this ineffectiveness claim in his Rule 3.850 motion in state court. The circuit court denied the post conviction motion with

respect to this claim. See Resp. Ex. J at 30-32.[19] On Robinson's appeal, the appellate court affirmed the trial court's denial per curiam.

Given the record, the appellate court may have affirmed the denial of Robinson's motion for post conviction relief on the merits. If the appellate court addressed the merits, Robinson would not be entitled to relief because the state courts' adjudications of this claim are entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were the state court adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Robinson is not entitled to relief on the basis of this claim.

Even assuming that the appellate court did not affirm the denial of the Rule 3.850 motion on the merits or that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Robinson's claim, nevertheless, is without merit. The trial court's conclusion is fully supported by the record. Counsel's performance was well within the wide range of professionally competent assistance. Even assuming arguendo

---

[19] See Section VIII. Ground One.

deficient performance by defense counsel, Robinson has not shown prejudice. Therefore, Robinson's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. See Section VIII. Ground One; Response at 15-16.

## IX. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Robinson seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Robinson "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has

37

rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    If Robinson appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of April, 2015.


MARCIA MORALES HOWARD
United States District Judge


sc 4/13
c:
William Mack Robinson, #078843
Ass't Attorney General (McCoy)